# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LARON GREEN,

                Petitioner,                Case Number: 2:09-CV-14059

v.                                        HON. LAWRENCE P. ZATKOFF

LLOYD RAPELJE,

                Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Laron Green filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, currently in the custody of the Michigan Department of Corrections, challenges his convictions for second-degree murder and felony firearm. For the reasons discussed below, the Court denies the petition.

### I. Background

Petitioner's convictions stem from the shooting death of Kenyon Jamerson on October 17, 2006. Petitioner was charged in Genesee County Circuit Court with open murder and felony firearm. On August 15, 2007, he pleaded guilty to second-degree murder and felony firearm. During the plea hearing, Petitioner admitted to shooting Jamerson because Jamerson had stolen money from him. Petitioner admitted that he intended to kill Jamerson.

On September 17, 2007, Petitioner was sentenced to 270 to 600 months' imprisonment for the murder conviction, to be served consecutively to two years' imprisonment for the felony-firearm conviction.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

> I. The trial court unlawfully deprived the defendant of his due process, equal protection, and other protected rights under the United States and Michigan Constitutions when it scored 50 points on OV-6 and when it scored 10 points on OV-14.
>
> II. The trial court unlawfully deprived defendant of his due process, equal protection, and other protected rights under the United States and Michigan Constitutions when it failed to take into account all mitigating evidence in sentencing the defendant.
>
> III. The trial court unlawfully violated the United States and Michigan Constitutions in sentencing the defendant to a prison term of 270 to 600 months on the second-degree murder conviction.

Petitioner also filed a motion to remand to the trial court for a hearing pursuant to *People v. Ginther*, 390 Mich. 436 (1973).

The Michigan Court of Appeals denied leave to appeal and denied the motion to remand. *People v. Green*, No. 286729 (Mich. Ct. App. Sept. 5, 2008).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Green*, No. 137436 (Mich. Jan. 9, 2009).

Petitioner then filed the pending petition for writ of habeas. He raises the same claims raised in state court.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of

the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1)[1]; *see also Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

---

[1] 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

3

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409-11.

### III. Analysis

### A. Scoring of Offense Variables

Petitioner argues that the trial court incorrectly scored offense variables 6 and 14. It is well established that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner's argument that the state court erred in scoring his sentencing guidelines is based solely on the state court's interpretation of state law. It does not implicate any federal rights. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law."). "[A] claim that the trial court mis-scored offense variables in determining the state sentencing guidelines

4

is not cognizable on habeas corpus review." *Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *see also Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999)(same); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987) (same). Therefore, habeas corpus relief is not available for this claim.

### B. Failure to Consider Mitigating Evidence

In his second claim for habeas relief, Petitioner argues that his rights under the United States and Michigan Constitutions were violated when the trial court failed to take into account all relevant mitigating evidence when sentencing him.

The Supreme Court has unequivocally held that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 67-68 (1991). Thus, Petitioner's claim that his sentence violated the Michigan Constitution is not cognizable on habeas review.

Generally, a non-capital sentence that falls within statutory limits is not grounds for habeas relief. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (1999). The Supreme Court "has refused to extend the doctrine of individualized sentencing to noncapital cases." *Hastings v. Yukins*, 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002). (citing *Harmelin v. Michigan*, 501 U.S. 957, 995-96 (1991)). Therefore, since Petitioner has no constitutional right to an individualized sentence, "no constitutional error would occur if the state trial court failed to consider mitigating evidence on [his] behalf at sentencing." *Id. See also U.S. v. Levy*, 904 F.2d 1026, 1035 (6th Cir. 1990) (holding that because the Constitution does not require individualized sentencing in non-capital cases, the Constitution does not require that a sentencing

5

court consider mitigating evidence).

## C. Proportionality of Sentence

Finally, Petitioner argues that the trial court violated the Michigan and United States Constitutions in sentencing him to 270 to 600 months' imprisonment for the second-degree murder conviction because the sentence is excessive and disproportionate.

As discussed above, Petitioner's claim that his sentence violated the Michigan Constitution is not cognizable on habeas review.

The Supreme Court has held that "the Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). "The Supreme Court has articulated a 'narrow proportionality principle' whereby it held that only 'extreme sentences that are grossly disproportionate to the crime are prohibited.'" *United States v. Flowal*, 163 F.3d 956, 963 (6th Cir. 1998) (quoting *Harmelin*, 501 U.S. at 995-97). Courts reviewing Eighth Amendment proportionality must remain highly deferential to the legislatures in determining the appropriate punishments for crimes. *United States v. Layne*, 324 F.3d 464, 473-74 (6th Cir. 2003) (citing *Harmelin*, 501 U.S. at 999). "In implementing this 'narrow proportionality principle,' the Sixth Circuit has recognized that 'only an extreme disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008), *quoting United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000).

In the present case, Petitioner's sentence is not grossly disproportionate to the crime committed. Further, this Court defers to the decision of the state court as the sentence falls within

the applicable guidelines range. *See Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir.2000) ("A sentence within the statutory maximum . . . generally does not constitute cruel and unusual punishment.") (internal quotation omitted). Under Michigan law, the maximum sentence for second-degree murder is life imprisonment. Mich. Comp. Laws § 750.317. Therefore, Petitioner's sentence is within the statutory maximum. As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949). Accordingly, habeas relief is denied on this claim.

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## V. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

                                         s/Lawrence P. Zatkoff
                                         LAWRENCE P. ZATKOFF
                                         UNITED STATES DISTRICT JUDGE

Dated: December 15, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 15, 2010.

                                         s/Marie E. Verlinde
                                         Case Manager
                                         (810) 984-3290